UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| THOMAS SHIRLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No.  3:22-CV-151-DCLC-DCP |
| | ) |
| AMANDA SIMMS, MICHAEL PARRIS, | ) |
| DR. EMILY OLROID, JIM CASEY, and | ) |
| JERRY SPANGLER, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM & ORDER**

Plaintiff, an inmate of Morgan County Correctional Complex ("MCCX"), filed a pro se complaint for violation of 42 U.S.C. § 1983 regarding various incidents during his confinement, which the United States District Court for the Middle District of Tennessee transferred to this Court [Doc. 10]. Before and after this transfer, Plaintiff filed various motions, two of which the Middle District denied without prejudice in its order transferring the case [*Id.*]. Now before the Court are Plaintiff's complaint [Doc. 1], motion for preliminary injunction and for United States Marshals Service forms [Doc. 5], a motion to amend the complaint to add Gary Combs as a plaintiff, in which he also makes requests regarding classifying this case as a class action and notifying attorneys from the American Civil Liberties Union ("ACLU") [Doc. 9], two motions to add Defendants [Docs. 14, 16], and second motion to add Mr. Combs as a plaintiff [Doc. 18].

For the reasons set forth below, Plaintiff's request to add Mr. Combs as a plaintiff from two of his motions [Doc. 9 p. 1–2; Doc. 18 p. 1–6] will be **DENIED**; Plaintiff's requests regarding making this a class action lawsuit and attorneys from the ACLU [Doc. 9 p. 3] will be **DENIED**, Plaintiff's request for a preliminary injunction [Doc. 5 p. 1–2] will be **DENIED**, and the Court

will allow Plaintiff fifteen (15) days from the date of entry of this order to file an amended complaint, which will render his motions to add defendants [Docs. 14, 16] and his request for United States Marshals forms [Doc. 5, p. 1] moot. As such, all of Plaintiff's pending motions [Docs. 5, 9, 14, 16, 18] will be **DENIED**.

I.   **REQUESTS TO ADD PLAINTIFF**

Plaintiff has filed two motions requesting to add Gary Combs as a plaintiff in this action [Doc. 9, p. 1–2; Doc. 18, p. 1–6]. However, subsequent to these requests, Mr. Combs and another MCCX prisoner filed a separate civil action based on issues similar to those Plaintiff raises in this action. *Combs et al. v. Parris et al.*, No. 3:22-CV-209-KAC-JEM (E.D. Tenn., filed May 26, 2022). Moreover, while the joinder of parties is "strongly encouraged" where it is appropriate, *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724 (1966), courts have recognized that there are significant practical problems with allowing multiple prisoners to proceed together as plaintiffs in a single lawsuit. *See*, *e.g.*, *McLaurin v. Bagley*, No. 2:17-CV-11263, 2017 WL 1738031, at *5 (E.D. Mich. May 4, 2017) (noting that there are "'pervasive impracticalities associated with multiple-plaintiff prisoner litigation, which militates against permissive joinder'" even where Rule 20(a) permits it, including the "'need for each plaintiff to sign every pleading, and the consequent possibilities that documents may be changed as they are circulated . . . .'" as well as the fact that prisoner litigants are "notably transitory") (citations omitted).

For these reasons, Plaintiff's request to add Mr. Combs as a plaintiff in this action [*Id.*] will be **DENIED**.

II.  **CLASS ACTION AND ACLU REQUESTS**

In his first motion to amend the complaint, Plaintiff also requests that "'class-action' [] be named in this case . . . and for ACLU to be notified as 'class-action' attorneys" [Doc. 9, p. 2].

2

However, Plaintiff has not established that this case meets the prerequisites for the Court to certify it as a class action. *See* Fed. R. Civ. P. 23(a). And to the extent that Plaintiff asks the Court to notify the ACLU of this action on his behalf through this request, the Court declines to do so. Additionally, to the extent that Plaintiff seeks appointment of counsel in this action through this statement, he is not entitled to this relief.

Specifically, appointment of counsel in a civil proceeding is not a constitutional right, but a privilege justified only in exceptional circumstances. *Lavado v. Keohane*, 992 F. 2d 601, 605–6 (6th Cir. 1993). A district court has discretion to determine whether to appoint counsel for an indigent plaintiff. *Reneer v. Sewell*, 975 F.2d 258, 261 (6th Cir. 1992). In exercising that discretion, the district court should consider the nature of the case, whether the issues are legally or factually complex, and the plaintiff's ability to present his claims. *Lavado*, 992 F.2d at 605–6.

As to the first two factors, as set forth above, this is a complaint for violation of § 1983 regarding incidents during Plaintiff's confinement, and Plaintiff's filings present fairly standard prisoner claims that are not overly factually or legally complex. As to the third factor, it is apparent from his filings that Plaintiff can adequately present his claims. Thus, Plaintiff has not established that this is an exceptional circumstance that justifies appointment of counsel in this action.

### III. PRELIMINARY INJUNCTION

Plaintiff also has a pending motion for preliminary injunction [Doc. 5]. In determining whether to grant a request for preliminary injunctive relief, courts balance four factors: (1) whether plaintiff "has shown a strong likelihood of success on the merits"; (2) whether plaintiff will suffer irreparable injury in the absence of an injunction; (3) whether the injunction will cause substantial harm to others; and (4) whether the injunction would serve the public interest. *Overstreet v. Lexington-Fayette Urban Cty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002) (citations omitted).

Injunctive relief is "an extraordinary remedy never awarded as of right." *See Winter v. Nat'l Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). Such relief "should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet*, 305 F.3d at 573 (citations omitted).

Plaintiff requests a preliminary injunction that provides as follows:

(1) Requires Defendants to turn on the heat in cells;

(2) Requires monitoring of air temperature;

(3) Requires Defendant Spangler to stay one-thousand feet from Plaintiff;

(4) Requires Defendant Warden Parris to allow one hour of recreation per day;

(5) Requires Defendants Dr. Olroid and Dr. Simms to allow for four hours of out of cell therapy per day;

(6) Requires Defendants Dr. Simms and Warden Parris to close down a program, remove him from it, or "ship [him];" and

(7) Allows any B pod inmate to have "a tiertender/rockman job."

[Doc. 5, p. 1–2]. However, Plaintiff has not established that he is entitled to the requested preliminary injunction.

Specifically, as to the first factor the Court must consider in assessing whether Plaintiff is entitled to a preliminary injunction, Plaintiff has not established a strong likelihood that he will succeed on the merits in this case. While Plaintiff makes allegations to support his claims in his filings, he has not presented any compelling, independent evidence of his claims. As to the second factor, Plaintiff has not demonstrated that he will suffer irreparable injury without an injunction. As to the third factor, nothing in the record suggests that providing Plaintiff injunctive relief would cause substantial harm to others. Finally, as to the fourth factor, Plaintiff has not established a compelling reason the Court should intervene in prison operations as he requests, and court

4

intervention in prison operations without a compelling reason is against public policy. *Glover v. Johnson*, 855 F.2d 277, 285–87 (6th Cir. 1988) (setting forth public policy concerns regarding court interference with jail administration and instructing that courts should not "attempt to administer any portion of a state correctional system program except in the most compelling situations").

Thus, Plaintiff's motion for a preliminary injunction [*Id.*] will be **DENIED**.

## IV. COMPLAINT

After filing his initial complaint [Doc. 1], Plaintiff filed various motions for preliminary injunction and to add Defendants, as well as an affidavit, and appears to seek to add allegations to his complaint herein through at least some, if not all, of these filings [Docs. 5, 7, 8, 9, 14, 16, 17]. However, these filings to not comply with this Court's Local Rule regarding motions to amend the complaint, as Plaintiff did not include a full proposed amended complaint with any of them. E.D. Tenn. LR 15.1 (providing in relevant part that "[a]ny amendment to a pleading, whether filed as a matter of course or upon a motion to amend, shall, except by leave of Court, reproduce the entire pleading as amended and may not incorporate any prior pleading by reference. A failure to comply with this rule may be grounds for denial of the motion"). Moreover, the Court declines to attempt to decipher whether Plaintiff sought to amend his complaint through his various filings.

Accordingly, the Court will allow Plaintiff fifteen (15) days from the date of entry of this order to file an amended complaint setting forth a short and plain statement of facts for each alleged violation of his constitutional rights and the individual(s) responsible.[1]

---

[1] Plaintiff is **NOTIFIED** that the Court may only address the merits of claims that relate back to his original complaint under Rule 15 of the Federal Rules of Civil Procedure. Accordingly, Plaintiff **SHALL NOT** attempt to set forth any claims in this amended complaint which were not set forth in her original complaint or do not otherwise relate back under Rule 15, as any such claims may be **DISMISSED**.

Plaintiff is **NOTIFIED** that after he files this amended complaint, the Court **WILL NOT** consider any amendments and/or supplements to the amended complaint or any other kind of motion for relief until after the Court has screened the amended complaint pursuant to the Prison Litigation Reform Act, *see, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, which the Court will do as soon as practicable. Accordingly, the Court will automatically deny any requests to amend or supplement the complaint and/or motions filed before the Court has completed its screening of the amended complaint.

V.   **CONCLUSION**

For the reasons set forth above:

1. Plaintiff's pending motions [Docs. 5, 9. 14, 16, 18] are **DENIED**;

2. The Clerk is **DIRECTED** to send Plaintiff a form § 1983 complaint;

3. Plaintiff has fifteen (15) days from the date of entry of this order to file an amended complaint in the manner set forth above;

4. Plaintiff is **NOTIFIED** that any amended complaint he files will completely replace the previous complaint;

5. Plaintiff is also **NOTIFIED** that if he fails to timely comply with this order, this action will be dismissed for failure to prosecute and failure to follow the orders of this Court; and

6. Plaintiff is **ORDERED** to immediately inform the Court and Defendants or their counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen days of any change in address may result in the dismissal of this action.

---

Also, Plaintiff is **NOTIFIED** that under Rule 20(a)(2) of the Federal Rules of Civil Procedure, persons may only be joined in one action as defendants where "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Thus, Rule 20 does not permit plaintiffs to join unrelated claims against different defendants in one lawsuit. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

**SO ORDERED**.

**ENTER**:

                                                s/Clifton L. Corker
                                                United States District Judge