# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| THOMAS SHIRLEY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 3:22-CV-151-DCLC-DCP ) |
| AMANDA SIMMS, MICHAEL PARRIS, DR. EMILY OLROID, JIM CASEY, and JERRY SPANGLER, | ) ) ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION

This is a prisoner's pro se complaint for violation of 42 U.S.C. § 1983. On August 4, 2022, 2022, the Court entered an order that, in relevant part, allowed Plaintiff thirty (30) days to file an amended complaint and notified Plaintiff that failure to timely comply would result in dismissal of this action [Doc. 19 p. 5–6]. But Plaintiff has not complied with this order or otherwise communicated with the Court, and his time for doing so has passed. Accordingly, for the reasons set forth below, this action will be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Rule 41(b) gives this Court the authority to sua sponte dismiss a case when a "plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b); *see also Rogers v. City of Warren*, 302 Fed. Appx. 371, 375 n.4 (6th Cir. 2008) ("Although Rule 41(b) does not expressly provide for a sua sponte dismissal (the rule actually provides for dismissal on defendant's motion), it is well-settled that the district court can enter a sue sponte order of dismissal under Rule 41(b)" (citing *Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962)). The Court examines four factors when considering dismissal under this Rule:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005).

As to the first factor, the Court finds that Plaintiff's failure to timely comply with its previous order is due to his willfulness or fault, as it appears that Plaintiff received the order and chose not to comply. Also, even if the Court assumes that Plaintiff did not receive the Court's previous order due to his failure to update the Court regarding a change of address, this is also due to Plaintiff's willfulness or fault, as the Court previously notified him of the requirement that he update the Court as to any address change within fourteen (14) days [Doc. 12 p. 1]. As to the second factor, the Court finds that Plaintiff's failure to comply with the Court's previous order has not prejudiced Defendants, as they have not been served with the complaint. As to the third factor, as noted above, the Court previously notified Plaintiff that failure to timely comply with its previous order would result in dismissal of this action [Doc. 19 p. 6]. Finally, as to the fourth factor, the Court finds that alternative sanctions are not warranted, as Plaintiff was granted leave to proceed *in forma pauperis* in this action, he has failed to comply with the Court's clear instructions, and it does not appear that he intends to proceed with this case. On balance, the Court finds that these factors support dismissal of this action under Rule 41(b).

The Court also notes that, "while *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe,* 951 F.2d 108, 109 (6th Cir. 1991). Nothing

2

Case 3:22-cv-00151-DCLC-DCP    Document 20    Filed 09/14/22    Page 2 of 3    PageID #: 46

about Plaintiff's pro se status prevented him from updating the Court as to his address, and his pro se status does not mitigate the balancing of factors under Rule 41(b).

Accordingly, this action will be **DISMISSED** for want of prosecution and failure to comply with a Court order pursuant to Rule 41(b). The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Fed. R. App. P. 24.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

**ENTER:**

s/Clifton L. Corker<br>United States District Judge